# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DERRICK CAIN,**

        **Plaintiff,**        CIVIL ACTION NO. 06-CV-14985-DT

  VS.                         DISTRICT JUDGE NANCY G. EDMUNDS

**MICHIGAN DEPT OF**      MAGISTRATE JUDGE MONA K. MAJZOUB
**CORRECTIONS, et al.,**
        **Defendants.**
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE

Before the Court is Defendants' Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) filed on May 8, 2007. (Docket no. 34). Plaintiff has responded to Defendants' motion. (Docket no. 36). All pretrial matters have been referred to the undersigned for decision.[1] (Docket no. 7). The Court dispenses with oral argument on this motion pursuant to E.D. Mich. LR 7.1(e). The matter is therefore ready for decision.

Plaintiff is a Michigan prisoner now incarcerated in Baraga Correctional Facility in the Upper Peninsula of Michigan. (Docket no. 1). Plaintiff has been transferred several times in the preceding four years. He alleges that during this time his rights have been violated under 42 U.S.C. § 1983 due to Defendants' failure to recognize his religion and failure to allow him to practice it. Plaintiff also alleges that Defendants have violated the Religious Land Use and Institutionalized Persons Act by placing a substantial burden on the exercise of his religion. Defendants are various employees of the Michigan Department of Corrections and the Department itself.

---

[1] A motion to transfer venue is a non-dispositive pretrial matter which a Magistrate Judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g., Stevenson v. Corrections Med. Servs.*, 2007 WL 674592 (E.D. Mich. Feb. 28, 2007); *Smith v. Carl Zeiss SMT, Inc.*, 2007 WL 686874 (S.D. Miss. Mar. 5, 2007).

Defendants have moved to have this action transferred to the United States District Court for the Western District of Michigan. (Docket no. 34). They allege that fifteen of the eighteen Defendants reside in the Western District and that a substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred in that district. (*Id.*). Plaintiff opposes Defendants' motion. (Docket no. 36). He argues that two out of the five institutions in which events took place are located in the Eastern District. Plaintiff also contends that he has substantial connections to the Eastern District and that this is his chosen forum. Finally, Plaintiff asserts that events giving rise to the Complaint "have equally occurred" in both districts. (*Id.* at 2).

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is in the judicial district where: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action. 28 U.S.C. § 1391(b).

In addition, for the convenience of the parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

The factors that guide a district court's decision in deciding whether to transfer venue include: (1) the convenience of the witnesses; (2) the location of relevant documents and relative ease to sources of proof; (3) the convenience of the parties; (4) the location of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based on the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000); *Stevenson*, 2007 WL 674592.

The moving parties, in this case Defendants, have the burden of showing by a preponderance of the evidence that transfer is warranted. *Amphion, Inc. v. Buckeye Elec. Co.,* 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003).

It is not disputed that fifteen of the eighteen Defendants reside in the Western District. This action therefore could have been brought in the Western District, and venue is proper there. *See* 28 U.S.C. § 1391(b). Plaintiff chose to file his action in the Eastern District, however, and the question is now whether venue should be transferred. The witnesses' convenience is one of the major factors to consider in deciding a motion to transfer venue. *Thomas v. Home Depot, U.S.A., Inc.,* 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001). Because the large majority of the Defendants reside in the Western District, this factor favors transfer. Plaintiff is now also located in the Western District. Although he argues that he resided in the Eastern District prior to his incarceration, and that therefore technically for purposes of venue he still resides there, the fact remains that he is now physically in the Western District and this is from where he will have to be transported for trial or other court appearances and where Defendants will have to go to depose him. Plaintiff's choice of forum is usually given substantial deference, however less deference is given when his connection to the forum is weak. *Martin ex rel. Martin v. Toyota Motor Sales, U.S.A., Inc.,* 2007 WL 1071042 (E.D. Mich. Apr. 4, 2007). Plaintiff's connection to the Eastern District is weak.

It will be easier for the parties to access their sources of proof in the Western District as well. In addition to the above considerations, three out of the five correctional facilities where pertinent events took place are located in the Western District. Moreover, the two facilities which are located in the Eastern District are located very close to the dividing line between the districts. Therefore, the locations where the relevant documents may be accessed are, for the most part, in or near the Western District. The Court does not find that the remaining factors favor one district or the other to any

3

significant degree. After considering all of the relevant factors, the Court finds that Defendants have carried their burden of showing by a preponderance of the evidence that transfer of venue in this case to the Western District of Michigan is warranted.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Transfer Venue (docket no. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 05, 2007                     s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Derrick Cain and Counsel of Record on this date.

Dated: June 05, 2007                     s/ Lisa C. Bartlett
                                         Courtroom Deputy

4